Victor Sherman, Esq. (SBN: 38483)
SHERMAN & SHERMAN
A Professional Law Corporation
2115 Main Street
Santa Monica, California 90405

Tel: (310) 399-3259
Fax: (310) 392-9029
Email: ssvictor@aol.com

Attorneys for Defendant
PHILLIP JACOB SHINEN

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 1:12-CR-00150-AWI-BAM |
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| PHILLIP JACOB SHINEN, | DATE: November 18, 2013<br>TIME: 1:30 p.m.<br>CTROOM: Hon. Anthony W. Ishii |
| Defendant. | |

Defendant, Phillip Jacob Shinen, hereby submits his position re sentencing for the Court's consideration in the within the matter.

DATED: October 17, 2012  Respectfully submitted,

SHERMAN & SHERMAN
A Professional Law Corporation


By: /s/Victor Sherman
    _____
    VICTOR SHERMAN
    Attorney for Defendant
    Phillip Jacob Shinen

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

Defendant, Phillip Jacob Shinen, is before the Court for sentencing based on his guilty plea to Count 1 of the Indictment charging violation of 18 U.S.C. §1343 (wire fraud). In the Plea Agreement, the parties agreed that the applicable sentencing guidelines are level 7, plus 12 levels for loss amount between $200,000 and $400,000 and a 2 level enhancement for an offense involving more than ten, but less than fifty, victims. The defendant's offense is also to be reduced by 3 levels for acceptance of responsibility, for a total offense level of 18 and guidelines of 27-33 months at Criminal History Category I.

The Presentence Report followed the parties' agreement except for the addition of a 2 level enhancement for "sophisticated means." This enhancement is not appropriate in the case at bar. This is an enhancement that the government does not request, and one which does not fit the facts of this case.

The government has agreed to recommend that the defendant be sentenced at the low end of applicable guideline range of level 18, which would be 27 months. The defendant also requests that the Court sentence him to a term of 27 months.

## II.

## AN ENHANCEMENT OF TWO LEVELS FOR SOPHISTICATED MEANS IS NOT APPROPRIATE UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE.

The two level enhancement for "sophisticated means" as recommended by probation should not be applied here. It is not part of the agreed-upon sentence recommendation of the parties, and is not supported by the facts and circumstances of the case. The Sentencing Guidelines, §2B1.1, Application Note 8(B), provide that for purposes of the enhancement, "sophisticated means" means especially

complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. Examples of sophisticated means include hiding assets or transactions through the use of fictitious entities, corporate shells or offshore financial accounts. The case at bar does not involve any means that are especially complex or especially intricate. Nor does it involve hiding assets or transactions. The scheme here was not elaborate or complex. The defendant did not use fictitious entities, corporate shells or offshore accounts. The conduct was no more sophisticated than the typical conduct involved in this type of crime. The defendant simply advertised on line to sell internet web sites. There were false representations in the advertisements and communications with website purchasers. The buyer would send payment to a payment service company. The service would send the buyer's payment to the defendant via wire transfer, less the service's administrative fees. None of this rises to the level of anything extraordinary or particularly sophisticated. Therefore, this upward adjustment was not recommended by the government.

The enhancement of 2 levels for "sophisticated means" should not be imposed in this case.

### III.
### CONCLUSION

Based on the facts and circumstances of this case, a sentence of 27 months is sufficient, but not greater than necessary, to satisfy the purposes of sentencing set forth in 18 U.S.C. §3553(a). It is respectfully requested that the Court sentence the defendant to a term of 27 months.

DATED: October 17, 2013            Respectfully submitted,

SHERMAN & SHERMAN
A Professional Law Corporation

/s/Victor Sherman
By: _____
VICTOR SHERMAN
Attorney for Defendant
Phillip Jacob Shinen